# Steven Cohn, P.C.
COUNSELLOR AT LAW
One Old Country Road - Suite 420
Carle Place, New York 11514

STEVEN COHN

SUSAN E. DANTZIG
MITCHELL R. GOLDKLANG
ALAN S. ZIGMAN
JEFFREY H. WEINBERGER
PETER CHATZINOFF
MATTHEW FEINMAN

TEL. (516) 294-6410
FAX (516) 294-0094

February 24, 2021

**VIA ECF**

The Hon. Joanna Seybert
Senior United States District Judge
U.S. District Courthouse
100 Federal Plaza
Central Islip, NY 11722-90

  Re: Unimac Graphics, LLC v. New U.S. Nonwovens, LLC, successor by
    <u>merger to U.S. Nonwovens Corp., Case No. 2020-CV-5509 (JS)(AKT)</u>

Dear Judge Seybert:

  This firm represents New U.S. Nonwovens, LLC, successor by merger to U.S. Nonwovens Corp. ("New USN"), Defendant in the action referenced above.

  We write in compliance with Rule III-B of Your Honor's Individual Rules, to request a pre-motion conference in anticipation of seeking an Order dismissing the Complaint of plaintiff Unimac Graphics, LLC ("Unimac") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (New USN's time to answer or move with respect to the Complaint has been extended to March 11, 2021 by So-Ordered Stipulation dated February 19, 2021 (Docket No. 13).)

  Copies of the Complaint and its attached "Vendor Managed Inventory Agreement" dated October 5, 2017 (the "Agreement") are submitted herewith. As set forth below, Unimac's First Cause of Action for breach of contract fails as a matter of pleading and its Second and Third Causes of Action sounding in quasi-contract must fail as a matter of law. Further, New USN is not the correct party-defendant with respect to the Agreement in any event.

**<u>Breach of contract (First Cause of Action)</u>:**

  The Agreement contemplates Unimac "effectively producing USN inventory to be held and shipped at later points in time" (Agreement, pg. 1). However, since the Agreement is *prima facie* executory, "the promisee's rights do not immediately come into existence but are conditioned upon some further performance." *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 585 F.3d 105, 118 fn. 8 (2d Cir. 2009).

Specifically, Unimac's right to manufacture any goods for which it could later demand compensation is conditioned upon the following actions by U.S. Nonwovens Corp. ("Old USN"):

(i) "send[ing] a data file once per week to Unimac reflecting the full list of make and hold items with their projected usage during the next 6 months" (Id.); and

(ii) "send[ing] a weekly release order (first business day of each week) to pull from their existing inventory and deliver to USN (within the New York Metro Area) before the end of the week … at an agreed upon release minimum" (*Id.*).

The Agreement also requires performance by Unimac of the following conditions:

(i) proposing "Min. Qty" (minimum quantities) for its production and release of goods, subject to approval by New USN "and inclusion on the weekly data file" referenced above (Agreement, pg. 2); and

(ii) "identify date of last production for [any] item and supply weekly data report from immediately prior to last production date and identify the lesser of the Max Qty [maximum quantity] or the inventory after last production."

"Under New York law, in order to plead breach of contract, a plaintiff must identify the specific contractual provision or provisions that were allegedly breached." *Belfon v. Credit Check Total Consumerinfo.com, Inc.*, 2018 WL 4778906 *5 (E.D.N.Y.). It must also identify "when and how the defendant breached [that] specific contractual promise." *Radin v. Albert Einstein College of Med. of Yeshiva University*, 2005 WL 1214281 *10 (S.D.N.Y.). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Judd Burstein, P.C. v. Long*, 2018 WL 6067226 *3 (S.D.N.Y.), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Unimac has failed these basic rules of pleading. It claims to have produced $771,318.91 worth of inventory "pursuant to the Agreement," for which it has not been paid (Complaint, ¶¶ 21-22). Other than refusal to pay, however, it identifies no contractual term that USN purportedly breached, and no action on USN's part that ostensibly triggered a payment obligation. Nor has it identified the minimum or maximum quantities of inventory on which the parties were to have agreed (above), or even alleged that such quantities were actually established.

Unimac alleges only that by July 2020 New USN had "placed orders" for inventory worth $771,318.91 (Complaint, ¶ 13) over the preceding 33-month period. It provides no date, order number, price, quantity or other detail as to these purported orders; and most importantly, ignores the weekly data files and release orders to which they would have been subject. Notably, its citation to the Agreement that USN "is responsible for and ultimately will be billed by Unimac for all quantities produced" (*Id.* at ¶ 11) is missing the key phrase "except as noted above" – i.e., all of the missing information described here.

Accordingly, Unimac has failed to state a claim for breach of contract. Its First Cause of Action must be dismissed.

Hon. Joanna Seybert
February 24, 2021
-- Page Three --

### Unjust enrichment and *quantum meruit* (Second and Third Causes of Action):

Unimac's Second and Third Causes of Action sound in quasi-contract, claiming unjust enrichment and *quantum meruit*. Both claims demand the same damages (Compaint, ¶¶ 30, 36), and are framed as having arisen from the same underlying events. However, given Unimac's allegation that the Agreement "constitutes a binding contract" (*Id.* at ¶ 20) under which its First Cause of Action demands the same remedy (*Id.* at ¶ 25), both claims must fail as a matter of law.

"In New York State, 'the existence of a valid and enforceable contract governing a particular subject matter precludes recovery in quasi-contract on theories of *quantum meruit* and unjust enrichment for events arising out of the same subject matter.'" *Skarzynska v. New York Business Development Corp.*, 2017 WL 1247882 *8 (E.D.N.Y.), citing authorities. See also *Godson v. Phoenix Partners Group LP*, 2011 WL 11077204 *7 (N.Y. Co.) ("claims founded in quantum meruit and unjust enrichment may be dismissed as duplicative in cases where [as here] the complaint alleges an express, enforceable contract controls the parties' relationship").

Accordingly, whether an agreement is fully or partially performed, or executory (as here), one party's reliance on it as the basis for money damages precludes claims "off" the contract for unjust enrichment or *quantum meruit*. Further, "*quantum meruit*/unjust enrichment may not be used to circumvent, and a court will not make an inference of any implied agreement which is destructive of, the express terms of the parties' contract." *Century-Maxim Construction Corp. v. One Bryant Park, LLC*, 23 Misc.3d 1120(A) *23 (Westchester Co. 2009), citing *North Star Contr. Corp. v. City of New York*, 203 A.D.2d 214, 215 (1st Dep't 1994).

This is precisely what Unimac is trying to do in the First Cause of Action, by sidestepping the contractual requirement of consensus as to minimum and maximum quantities to be stated in weekly data files and release orders. Its resort to quasi-contractual theories to accomplish that subterfuge should not be indulged. The Second and Third Causes of Action must be dismissed.

### Improper party:

In referencing the recent "change of control" involving Old USN (Complaint, ¶¶ 15-17), Unimac has erroneously named New USN as the putative obligor under the Agreement. We are informed (and have advised Unimac's counsel) that New USN did not assume all of Old USN's assets and liabilities in that transaction, and that matters relating to this Agreement were excluded. Our motion would thus include dismissal on the ground that Old USN is not the correct party.

We are available at Your Honor's convenience to discuss any of the foregoing issues; and thank the Court in advance for its consideration.

Respectfully

Steven Cohn

cc (via ECF; w/out attachments): all counsel of record